THOMAS S. HANSON, Chief Clerk, Wisconsin Assembly *Page 166 
You have recently forwarded to me Assembly Resolution No. 28 requesting my opinion as to whether Assembly Bill 221 (1973) is superseded by applicable federal air quality rules. Assembly Bill 221, if enacted, would authorize cities, villages and towns to burn wood within the confines of its own dumping or disposal grounds notwithstanding any law, or rule adopted pursuant to law, to the contrary. As such, it would repeal sec. NR 154.10 (1) (f), Wis. Adm. Code, which provides as follows:
"NR 154.10 Limitations on open burning. (1) Open burning is prohibited with the following exceptions:
"(f) Burning at rural or isolated solid waste disposal sites outside of the Southeast Wisconsin Intrastate AQCR that serve less than 2,500 people and are licensed to burn waste under section NR 151.18 of the solid waste disposal standards, or burning of special waste where permits are obtained from both the air pollution control section and the solid waste disposal section of the department.
"(h) Burning of trees, limbs, stumps, brush or weeds for clearing or maintenance of rights-of-ways outside of the Southeast Wisconsin Intrastate AQCR.
"(i) Burning of trees, wood, brush, or demolition materials (excluding asphaltic, or rubber materials) by such methods approved by the department."
Under the above-quoted provisions of the Wisconsin Administrative Code, which were adopted by the Wisconsin Department of Natural Resources pursuant to ch. 144, Wis. Stats., the burning of wood at municipal dumps or disposal grounds is currently prohibited in the Southeast Wisconsin Intrastate Air Quality Control Region (AQCR),[1] unless it is done pursuant to a method approved by the Department. *Page 167 
Section NR 154.10, Wis. Adm. Code, was adopted as part of a state implementation plan submitted to the Federal Environmental Protection Agency as required under sec. 110 (a) of the Federal Clean Air Act of 1970 (P.L. 91-604, 42 U.S.C. § 1857 et. seq.), and was approved by the Administrator of the Environmental Protection Agency under sec. 110 (a) (2).
Because sec. NR 154.10, Wis. Adm. Code, was adopted as an integral part of an approved state implementation plan, sec. 116 of the Federal Clean Air Act constitutes a direct limitation on the power of the state or its political subdivisions with respect to alterations or additions to that administrative regulation. The relevant parts of sec. 116 are as follows:
". . . Nothing in this Act shall preclude or deny the right of any State or political subdivision thereof to adopt or enforce (1) any standard or limitation respecting emissions of air pollutants or (2) any requirement respecting control or abatement of air pollution; except that if an emission standard orlimitation is in effect under an applicable implementationplan . . . such State or political subdivision may not adopt orenforce any emission standard or limitation which is lessstringent than the standard or limitation under such plan. . . ." [Emphasis added]
Section 116 demonstrates a clear Congressional intent to pre-empt state and local regulation to the extent such regulation is lessstringent than that required under an approved state implementation plan. Huron Portland Cement Co. v. City of Detroit
(1960), 362 U.S. 440, 4 L.Ed.2d 852, 80 S.Ct. 813; Washington v.General Motors (1972), 406 U.S. 109, 31 L.Ed.2d 727, 732,92 S.Ct. 1456, 4 ERC 1007, 1009. Assuming the Clean Air Act of 1970 is constitutional, Congress has the authority to make such a law pre-empting the states under Art. VI of the United States Constitution, which provides that the Constitution and laws of the United States shall be the supreme law of the land. The question of federal pre-emption under the Clean Air Act of 1970 has already been before the United States Supreme Court inWashington v. General Motors, supra, where the court found pre-emption to exist under certain of its provisions. Idem.
The Clean Air Act also contains a provision to the effect that if any state consistently fails to enforce a requirement of an approved *Page 168 
implementation plan, the Environmental Protection Agency may, after thirty days' notice, take over the enforcement of that requirement within the state. Section 113, Clean Air Act of 1970.
Assembly Bill 221 is clearly less stringent than the requirements for burning wood under sec. NR 154.10, Wis. Adm. Code, which was adopted as part of Wisconsin's state implementation plan. I must therefore conclude that Assembly Bill 221, if enacted, would be superseded under the applicable provisions of the Clean Air Act of 1970.
RWW:SMS
[1] The Southeast Wisconsin Intrastate AQCR is defined and described in sec. NR 155.02 (2) (b) 2., Wis. Adm Code.